# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

GERREN COOPER & DENNAY HEARD,    )
          Plaintiffs,    )
                                   )
       v.    )    Case No.
                                   )
AIMBRIDGE HOSPITALITY, LLC    )    Removed from the Circuit Court of Jackson
CHANNEL POINT HOSPITALITY, &    )    County, Case No. 2416-CV08680
LAURA HODGES,    )
          Defendants.    )

## NOTICE OF REMOVAL

Defendant Lora Hodges ("Hodges"),[1] through undersigned counsel and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby removes the action styled *Gerren Cooper and Dennay Heard v. Laura Hodges, et. Al.,* case no. 2416-CV08680 in the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri. Removal of this lawsuit to the Western District of Missouri is proper for the following reasons:

### Allegations & Service

1.    Plaintiffs Gerren Cooper and Dennay Heard (collectively, "Plaintiffs") filed this lawsuit against defendant Hodges and additional defendants Channel Point Hospitality, LLC ("Channel Point"), and Aimbridge Hospitality, LLC ("Aimbridge") in the Circuit Court of Jackson County, Missouri, on March 27, 2024, case no. 2416-CV08680.

2.    Through their two-count petition, Plaintiffs allege discrimination in public accommodations and seek associated damages, all for alleged violations of the Missouri Human Rights Act. There are no federal claims made.

3.    Hodges was served with process personally on June 3, 2024.

---

[1] "Lora Hodges" is this defendant's legal name, though she is incorrectly named as "Laura Hodges" in the petition.

4.      Neither Channel Point nor Aimbridge have yet been served with process.

**Guiding Law**

5.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prod.,* 591 F.3d 614, 620 (cleaned up).

7.      For purposes of diversity jurisdiction and removal, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). An individual's citizenship depends upon her "physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R. Co.,* 789 F.2d 616, 617 (8th Cir. 1986).

8.      Though the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," in states where pleadings need not state the specific sum alleged, removal is proper where the district court finds by the preponderance of the evidence that the amount in controversy otherwise exceeds $75,000. *See* 28 U.S.C. § 1446(c)(1)-(2).

9.      Punitive damages are considered as part of the "amount in controversy" analysis. *Allison v. Security Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992). Attorney fees are

likewise included in the amount in controversy analysis. *Capital Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992).

10.     When a civil action is removed solely based on diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action," and each defendant has 30 days from receipt of its own service to file a notice of removal. 28 U.S.C. § 1446(b)(2)(A)-(B).

## Analysis

11.     The petition filed in state court (with exhibits) is attached as Exhibit 1 to this notice, and the entirety of the state court filings to date including the docket are attached as Exhibit 2 to this notice.

12.     The requirements for complete diversity of citizenship are met here, as Plaintiffs are Missouri citizens, and none of the Defendants are deemed to be Missouri residents for diversity jurisdiction purposes. Specifically:

> a.     Plaintiffs' petition does not contain any allegations about their state of residence. However, their Charges of Discrimination list both Plaintiffs' state of residence as Missouri. *See* Exhibit 1, at page 12 of 20 (listing the address for Plaintiff Dennay Heard in her own charge of discrimination as "Kansas City, MO"); Exhibit 1, at page 16 of 20 (listing the address for Plaintiff Gerren Cooper in his own charge of discrimination as "Kansas City, MO").
>
> b.     Despite an unsupported allegation that Hodges is a Missouri citizen (Exhibit 1, Petition at ¶ 24), Defendant Hodges is actually a citizen of the state of Kansas.

c. As proved through the attached affidavit, Hodges resides in Kansas, has resided in Kansas for the last 10+ years, and intends to continue living in Kansas for the indefinite future. Exhibit 3, Hodges Affidavit, at ¶¶ 2-4.

d. Because the corporate defendants (Channel Point and Aimbridge) have not yet been served, their residency is disregarded in performing the instant removal analysis. However, publicly available documents indicate Channel Point is incorporated in the State of Texas and has its principal place of business in the state of Texas. *See* Exhibit 4, Channel Point Hospitality LLC Application for Registration of a Foreign Limited Liability Company. Publicly available documents indicate that Aimbridge is incorporated in Delaware, with a principal place of business in Texas. *See* Exhibit 5, Aimbridge Hospitality LLC Application for Registration of a Foreign Limited Liability Company. This indicates that even if these corporate defendants are properly served, their citizenship will not destroy complete diversity.

11. With the citizenship test satisfied, the second part of the analysis is the "amount in controversy." Here, the amount in controversy exceeds $75,000. Specifically:

a. Though Plaintiffs do not plead any specific amounts, they seek the following categories of damages, *for each Plaintiff*: "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life or other non-economic losses." Exhibit 1, Petition, at ¶¶ 67-68; 78-79.

b. Plaintiffs also allege that "[t]he actions and conduct set forth herein demonstrate a reckless indifference or conscious disregard for the rights of

4

Plaintiff and others." Exhibit 1, Petition, at ¶¶ 69, 80. Though Plaintiffs were careful to avoid specifically alleging punitive damages because Missouri law prohibits the inclusion of punitive damages in an initial pleading, *see* Mo. Rev. Stat. ¶ 510.261.5, this language mirrors a Missouri law standard for punitive damages, indicating that Plaintiffs are (at least at some point) intending to claim punitive damages. *See, e.g., Ingham v. Johnson & Johnson,* 608 S.W.3d 663 (Mo. Ct. App. 2020) (describing the "reckless indifference" and "conscious disregard" standards for punitive damages).

c.    Finally, Plaintiffs also allege entitlement to "fees" and "expenses."[2] *See* Exhibit 1, Petition, at "Wherefore Clauses" to Counts I and II. The reference to "fees" is likely a reference to attorney fee entitlement, which is theoretically available to a prevailing party under the Missouri Human Rights Act. *See* Mo. Rev. Stat. § 213.111.2. Based on Plaintiffs' counsel's history of attorney fee requests in previous cases, it seems inconceivable that he will not request at least $75,000 in attorney fees alone, if his client is ultimately deemed a "prevailing party" in this case. *See, e.g.,* Exhibit 6, December 22, 2021 Judgment in Case No. 20CY-CV02160 in the Circuit Court of Clay County, Missouri.[3]

---

[2] Though Plaintiffs also allege "costs" and "interest," these items are not considered as part of the amount in controversy analysis under 28 U.S.C. § 1332.

[3] In this case, the Court awarded Plaintiff's Counsel Kenneth D. Kinney fees representing 412.95 hours of work at $450/hour. This was $185,827.50 before the application of the 1.75 times multiplier, and $325,198.13 after such multiplier was applied by the trial court. Total fees awarded were more than $800,000. This was a single-plaintiff case, unlike this one.

d. There are *two* Plaintiffs in this lawsuit, and both of their alleged damages are counted toward the "amount in controversy" requirement. This creates the potential to increase actual damages and attorney fees, in particular.

11. Because there is complete diversity of citizenship and because the amount in controversy is more than $75,000, the United States District Court for the Western District of Missouri has jurisdiction, and removal is proper.

12. Under 28 U.S.C. § 1446(b)(2), corporate defendants Channel Point and Aimbridge need not consent or join the removal until service upon them is achieved, which has not yet occurred.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Trevor M. Bond
Trevor M. Bond, MO# 67957
700 W. 47th St., Suite 500
Kansas City, MO 64112
Telephone: 816-471-1301
Facsimile: 816-471-1303
Trevor.bond@Ogletree.com

**ATTORNEY FOR DEFENDANT LORA HODGES**

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2024, the foregoing was electronically filed with the Court Administrator and service was made through the electronic filing system to:

**RALSTON KINNEY**

Kenneth D. Kinney, MO #67435
Thomas F. Ralston, MO #61052
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
Telephone: (816) 298-0086
Facsimile: (816) 298-9455
Email: Ken@rklawllc.com
Email: tom@rklaswllc.com

/s/ Trevor M. Bond
**ATTORNEY FOR DEFENDANT LORA HODGES**